UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1)    LUIS MANUEL GONZALEZ REYES,<br><br>(2)    OMAR GALLEGOS VELASCO,<br><br>(3)    ANDRES DE JESUS LECHUGA CARRILLO,<br><br>(4)    ERIC GALLEGOS VELASCO,<br><br>(5)    ISRAEL DE JESUS LOPEZ VELASCO,<br><br>(6)    JOSE MANUEL LOPEZ MARTINEZ,<br><br>(7)    REGINO REYES LOPEZ,<br><br>(8)    GERARDO GONZALEZ ESPARZA,<br><br>on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>(1)    ALL-GREEN INC.,<br>(2)    NOEL STATON,<br><br>Defendants | Civil Action No. CIV-19-1103-PRW |

**COLLECTIVE ACTION COMPLAINT AND JURY DEMAND**

## I.  INTRODUCTION.

Plaintiffs, on behalf of themselves and other persons similarly situated, file this Complaint under the Federal Fair Labor Standards Act, U.S.C. § 201, et seq. (FLSA"),  to

recover overtime compensation from their employer ALL-GREEN INC. and ALL-GREEN INC.'S president NOEL STANTON (collectively referred to as "Defendants").

Plaintiffs and other persons similarly situated routinely worked in excess of forty (40) hours in a workweek, but were not paid overtime compensation for all of their overtime hours by Defendants.  Plaintiffs and other persons similarly situated provided general lawn care services, including lawn mowing and landscaping and Christmas light installation services on behalf of Defendants.  Defendants paid them at an hourly rate in 2018 and then a "day rate" in 2019 violating the FLSA and the terms of the H-2B Temporary Non-Agricultural Worker Program between Defendants and the Department of Homeland Security, U.S. Citizenship and Immigration Services.

## II.    PARTIES.

1.    Plaintiff Luis Manuel Gonzalez Reyes is from Mexico and worked and resides in Oklahoma City, Oklahoma as a temporary worker through the H-2B Temporary Non-Agricultural Worker Program administered through the U.S. Citizenship and Immigration Services of the Department of Homeland Security.  Plaintiff's signed consent form is attached as Exhibit 1.

2.    Plaintiff Omar Gallegos Velasco is from Mexico and worked and  resides in Oklahoma City, Oklahoma as a temporary worker through the H-2B Temporary Non-Agricultural Worker Program administered through the U.S. Citizenship and Immigration Services of the Department of Homeland Security.   Plaintiff's signed consent form is attached as Exhibit 2.

2

3.     Plaintiff Andres De Jesus Lechuga Carrillo is from Mexico and worked and resides in Oklahoma City, Oklahoma as a temporary worker through the H-2B Temporary Non-Agricultural Worker Program administered through the U.S. Citizenship and Immigration Services of the Department of Homeland Security.  Plaintiff's signed consent form is attached as Exhibit 3.

4.     Plaintiff Eric Gallegos Velasco is from Mexico and worked and  resides in Oklahoma City, Oklahoma as a temporary worker through the H-2B Temporary Non-Agricultural Worker Program administered through the U.S. Citizenship and Immigration Services of the Department of Homeland Security.   Plaintiff's signed consent form is attached as Exhibit 4.

5.     Plaintiff Israel De Jesus Lopez Velasco is from Mexico and worked and resides in Oklahoma City, Oklahoma as a temporary worker through the H-2B Temporary Non-Agricultural Worker Program administered through the U.S. Citizenship and Immigration Services of the Department of Homeland Security.  Plaintiff's signed consent form is attached as Exhibit 5.

6.     Plaintiff Jose Manuel Lopez Martinez is from Mexico and worked and resides in Oklahoma City, Oklahoma as a temporary worker through the H-2B Temporary Non-Agricultural Worker Program administered through the U.S. Citizenship and Immigration Services of the Department of Homeland Security.  Plaintiff's signed consent form is attached as Exhibit 6.

7.     Plaintiff Gerardo Gonzalez Esparza is from Mexico and worked and  resides

in Oklahoma City, Oklahoma as a temporary worker through the H-2B Temporary Non-Agricultural Worker Program administered through the U.S. Citizenship and Immigration Services of the Department of Homeland Security.    Plaintiff's signed consent form is attached as Exhibit 7.

8.    Plaintiff Regino Reyes Lopez is from Mexico and worked and  resides in Oklahoma City, Oklahoma as a temporary worker through the H-2B Temporary Non-Agricultural Worker Program administered through the U.S. Citizenship and Immigration Services of the Department of Homeland Security.    Plaintiff's signed consent form is attached as Exhibit 8.

9.    Plaintiffs bring this action as an opt-in collective action on behalf of themselves and all similarly situated individuals employed through the H-2B Program for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq*. within the last three years of the date this Complaint was filed.    Plaintiffs' FLSA claims are asserted as a collective action under the FLSA, 29 FLSA § 216(b).  The proposed FLSA Collective class is defined as follows: All persons who worked for ALL-GREEN INC. through the H-2B Temporary Non-Agricultural Worker Program administered through the U.S. Citizenship and Immigration Services of the Department of Homeland Security at any time in the three years prior to the filing of this Complaint.

10.    Plaintiffs have consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b).

11.    Defendant ALL-GREEN INC. is an Oklahoma corporation registered to do

business in Oklahoma and service can be accomplished through its registered agent: Noel Stanton, 8905 NW 92nd Street, Oklahoma City, OK 73132.

12.   Defendant NOEL STANTON is an owner and officer of ALL-GREEN INC. Service can be accomplished by delivering a copy of the Summons and Complaint to him at his office located at 8080 N. Glade, Oklahoma City, OK 73132.

13.   On information and belief, Defendant NOEL STANTON had authority to, and did make, decisions concerning the pay practices of ALL-GREEN INC., and is individually liable under 29 U.S.C. § 203(d). Thus, he is an employer of the Plaintiffs and others similarly situated, within the meaning of Section 3(d) the FLSA (29 U.S.C. § 203(d)), and is jointly, severally and individually liable along with ALL-GREEN INC.

14.    At all relevant times, STANTON maintained executive authority over the pay practices including the location, duration and rate of pay.

## III.   JURISDICTION AND VENUE.

15.   This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216.

16.   Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants operate in this district, Plaintiffs worked in this district for Defendants, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

### Statement of Facts and Collective Action Allegations

17.   Plaintiffs have consented in writing to be a part of this action pursuant to 216(b). As the case proceeds, it is likely that other individuals will file consent forms and

join as "opt-in" plaintiffs

18.     Plaintiffs and the FLSA Collective are individuals who were employed by Defendants pursuant to the H-2B Temporary Non-Agricultural Worker Program administered through the U.S. Citizenship and Immigration Services of the Department of Homeland Security [H-2B Program].

19.     Under the H-2B Program, Plaintiffs and the FLSA Collective were permitted entry into the United States as Laborers to provide general lawn care services, including lawn mowing and landscaping and Christmas light installation services on behalf of Defendants for properties in the Oklahoma City metropolitan area.

20.     Under each annual H-2B Program employment services began on or about April and ended on or about November.

21.     The terms of the H-2B Program defined Defendants duties and obligations concerning pay, reimbursement and hours of work of Plaintiffs and the FLSA Collective. Under the terms of each annual H-2B Program, Plaintiffs and the FLSA Collective were to receive wages at a defined hourly and overtime rate.  Defendants also were to reimburse Plaintiffs and the FLSA Collective for travel, food and housing while traveling between Mexico and the United States.

22.     Under the H-2B Program Defendants compensated Plaintiffs and/or  the FLSA Collective at hourly rates under the 2017 Program.  For the 2018 and 2019 Program, Defendants compensated Plaintiffs and/or the FLSA Collective at a "day rate" (a set amount paid for each day worked) despite the H-2B Program defining pay at an hourly and

overtime rate.

23.     At all relevant times, Defendants classified Plaintiffs and the FLSA Collective as non-exempt employees and issued year end W-2's.  Defendants directed and controlled the work of Plaintiffs and the FLSA Collective and all were subject to the same unlawful pay practices.

24.     At all relevant times, Plaintiffs and the FLSA Collective routinely worked more than forty (40) hours in a workweek, but were not paid an overtime premium for all their overtime hours.  Plaintiffs and the FLSA Collective were scheduled to work beginning at 7:00 a.m. and ending approximately 9:00 p.m. usually 6 days a week and periodically 7 days a week.

25.     For the 2018 and 2019 H-2B Programs, Defendants did not pay any overtime compensation despite scheduling and working Plaintiffs and the FLSA Collective more than 40 hours a week each workweek or most every workweek.

26.     As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" Plaintiffs.

27.     Defendants willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 et seq., as described in this Complaint in ways including, but not limited to, failing to pay Plaintiffs and the FLSA Collective overtime compensation. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

28.     Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the FLSA Collective. Accordingly, notice should be sent to the FLSA

Collective. There are numerous similarly situated individuals who worked for Defendants'

who suffered from Defendants' practice of denying overtime pay to workers under the H-

2B Program workers who would benefit from the issuance of court-supervised notice of

this lawsuit and the opportunity to join. Those similarly situated workers are known to

Defendants and are readily identifiably through Defendants' records.

## COUNT I
## FAIR LABOR STANDARDS ACT – OVERTIME

29.    Plaintiffs repeats each and every preceding allegation as if set forth herein.

30.    This Count arises from Defendants' violations of the FLSA, 29 U.S.C. § 207,

for its failure to pay Plaintiffs, and others similarly situated, an overtime rate for all hours

worked in excess of forty (40) per workweek.

31.    Defendant All Green, Inc. is an "employer" for purposes of the FLSA, 29

U.S.C. § 203(s), because it has annual gross sales or business of at least $500,000 and has

employees engaged in interstate commerce.

32.    Plaintiffs, and others similarly situated, were classified by Defendants as

non-exempt employee, and not independent contractors.   Plaintiffs, and others similarly

situated, are therefore a covered employee under the FLSA.

33.    Defendant  All Green, Inc. further agreed to provide Plaintiffs and the FLSA

Collective time and a half for hours worked in excess of 40 each workweek pursuant to

each annual H-2B Program the last three years since the filing of this Complaint.

34.    Defendants scheduled Plaintiffs and the FLSA Collective to work more than

40 hours per workweek and Plaintiffs and the FLSA Collective did regularly work more

8

than forty hours per week, and Defendants failed to pay each for all overtime worked at time and a half.

35.    Defendants' actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiffs and the FLSA Collective at the required overtime rate.

36.    Defendants' violation of the overtime requirements of the FLSA were willful, since the company's conduct shows that it either knew that its conduct violated the FLSA or showed reckless disregard for whether its actions complied with the FLSA.

37.    As the direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages.

38.    Plaintiffs and the FLSA Collective are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

39.    Defendant Noel Stanton had authority to, and did make, decisions concerning the pay practices of All Green Inc. and is individually liable under 29 U.S.C. § 203(d).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs, and others similarly situated, requests the following relief:

(1)    Certify this matter as a collective action, pursuant to 29 U.S.C. § 216(b), and permit Notice to be sent to all other similarly situated temporary workers under the H-2B Program so that they may be given an opportunity to join to this proceeding;

(2)    Award Plaintiffs and class members damages under 29 U.S.C. §§ 206, 207;

(3)     Award liquidated damages equal to the amount of unpaid back wages,
        pursuant to 29 U.S.C. § 216(b)'

(4)     Award pre-award interest on the unpaid wages and overtime compensation;

(5)     Award reasonable attorney's fees and costs incurred as a result of
        Defendants' violation of the FLSA;

(6)     Leave to amend to add additional plaintiffs by motion, the filing of written
        consent forms, or any other method approved by the Court;

## JURY DEMAND

Plaintiffs demand trial by jury on all issues for which a jury trial is allowed.


Respectfully submitted,



s/Jeff Taylor
Jeff A. Taylor
State Bar No. 17210
The Offices at Deep Fork Creek
5613 N. Classen Blvd
Oklahoma City, OK  73118
Telephone:   (405) 286-1600
Telecopy:    (405) 842-6132

Counsel for Plaintiffs and FLSA Collective